UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

KBR INC. dba RUSH CURTIS & ASSOC.,

Plaintiff,

vs.

JAMES LAMPKIN,

Defendant.

JAMES LAMPKIN,

Cross-Complainant,

vs.

VALLEY SKILLED NURSING CENTER, INC.; THE OPERATING ENGINEERS PUBLIC AND MISCELLANEOUS EMPLOYEES HEALTH AND WELFARE FUND,

Cross-Defendants.

Case No: C 11-01514 SBA

**ORDER GRANTING CROSS-DEFENDANT'S UNOPPOSED MOTION TO DISMISS AND REMANDING ACTION**

Dkt. 5

The parties are presently before the Court on Cross-Defendant Operating Engineers Public and Miscellaneous Employees Health and Welfare Fund's ("Trust Fund") Motion to Dismiss Cross-Complainant James Lampkin's First Amended Cross-Complaint. Dkt. 5. Trust Fund noticed its motion for July 12, 2011. Under the version of Local Rule 7-3 in effect at the time the motion was filed, any opposition or statement of non-opposition had to be filed by no later than June 21, 2011, which is twenty-one days before the noticed hearing date. To date, no opposition has been filed by Cross-Complainant, who is represented by counsel. The Court's Standing Orders explicitly warn that: "The failure of

the opposing party to timely file a memorandum of points and authorities in opposition to any motion or request shall constitute a consent to the granting of the motion." Dkt. 13 at 5.

# I. DISCUSSION

## A. DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(B)

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet 963 F.2d 1258, 1260 (9th Cir. 1992). As such, the failure to file an opposition to a motion to dismiss in the manner prescribed by the Court's Local Rules is grounds for dismissal. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

In the instant case, the Court finds that the above-referenced factors weigh in favor of dismissal. With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This is particularly true in the instant case, where Cross-Complainant has impeded the Court's ability to move this case forward by failing to respond to Trust Fund's motion to dismiss and failing to comply with the requirements of the Court's scheduling orders.

The second factor also militates in favor of dismissal. See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to the moving party, generally requires that "a defendant … establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at, 642. At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting." Id. Here, Cross-Complainant has offered no explanation for his failure to respond nor is any apparent from the record. Indeed, Cross-Complainant has had over two months to prepare his opposition. These facts also weigh strongly in favor of dismissal. See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

As to the fourth factor, the Court has already considered less drastic alternatives to dismissal. As noted, the Court's Standing Orders warn that as a consequence of a party's failure to oppose a motion, the Court will construe such inaction as a consent to the granting of the unopposed motion. "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of granting Defendant's unopposed motion and dismissing the Cross-Complaint as to Trust Fund. Id. (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).

## B. SUPPLEMENTAL JURISDICTION

When the federal claim that served as the basis for removal is eliminated, either through dismissal by the court or by amendment of the pleadings, federal courts may decline to assert supplemental jurisdiction over the remaining state law causes of action and exercise its discretion to remand them to state court. See 28 U.S.C. § 1367(c)(3); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (court may sua sponte exercise discretion and dismiss state law claims under 28 U.S.C. § 1367(c)). Here, Trust Fund

removed the action on the ground that the claims alleged against it arise under section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. See Notice of Removal ¶ 13. Since the Court is dismissing the Cross-Complaint as to Trust Fund, there no longer are any claims arising under federal law involved in this action. Given the lack of any federal claims, coupled with the stage of the litigation, the Court exercises its discretion and remands the action to state court from which it was removed. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351(1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendant claims to state court.")

## II. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT

1. Trust Funds' unopposed motion to dismiss the Cross-Complaint is GRANTED.

2 The Court exercises its discretion under 28 U.S.C. § 1367(c) and REMANDS the instant action to the County of Mendocino. The Clerk shall close the file and terminate all pending matters and deadlines. The hearing scheduled for July 12, 2011, is VACATED.

IT IS SO ORDERED.

Dated: June 29, 2011

SAUNDRA BROWN ARMSTRONG
United States District Judge